UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. SAMUEL THARPE, | Case No:  C 11-02624 SBA |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| vs. | |
| DIABLO VALLEY COLLEGE (CONTRA COSTA), | Docket 9 |
| Defendant. | |

Plaintiff, Dr. Samuel Tharpe, filed the instant *pro se* employment discrimination action against his former employer, Diablo Valley College ("DVC" or "Defendant")[1], pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  42 U.S.C. § 2000e2(a)(1).  The parties are presently before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket 9.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L. R. 7-1(b).

I.      **BACKGROUND**

The following factual summary is taken from Plaintiff's Complaint, Dkt. 1, which is taken as true for purposes of this instant motion.  In or about 2009, Plaintiff was employed by DVC as a "Psychology Instructor."  Compl. ¶ 4(d), Dkt. 1.  On January 7, 2009, he sent

---

[1] Defendant states that it should have been sued as the Contra Costa Community College District, instead of DVC.  Plaintiff should correct this error when filing his amended complaint.

1    a letter to the President of DVC claiming to have been "let go as an instructor for no

2    reason" and that he had been a victim of "disparate treatment."  Id.  Plaintiff does not

3    specify the basis for his allegation of disparate treatment.  Nonetheless, on January 25,

4    2009, Plaintiff received a letter from Judy Waters, President of DVC, stating that he was

5    "still employed."  Id.  However, he later learned on March 25, 2010, that his employment

6    had been terminated.  Id. ¶ 6.

7        Plaintiff claims he was terminated on account of his race and subjected to retaliation

8    for engaging in unspecified protected activity.  In his Complaint, Plaintiff articulates the

9    basis for his discrimination and retaliation claims as follows:

10                On March - 2nd – 2010 [sic], I was asked to write a letter for
11               a coworker.  One morning I saw his [sic] standing outside the
                 instructor longue [sic] staring at Mr. Robert Moore; while he
12               was performing his duties, it looked very unusual [sic] it had
                 that Master [sic] slave effect on me.  On March 25th 2010, I
13               found out I was no longer employed there.  I felt it was a case
                 of Retaliation [sic].  I believe that I have been discriminated
14               against because of my race and color, violation of Title VII of
                 the Civil Rights Act of 1964, as amended.  I believe I have
15               been Retaliated [sic] against for engaging in a protected
16               activity, in Violation [sic] of this statue [sic].

17

18   Id. ¶ 6.  Plaintiff does not specify his race or color (though his opposition states that he is

19   African-American), the reasons why he believes he was subjected to discrimination or the

20   person or persons involved in such conduct.  Nor does he identify the basis for his

21   retaliation claim or the protected activity in which he was engaging.

22        On March 25, 2011, Plaintiff filed an administrative charge with the Equal

23   Employment Opportunity Commission ("EEOC").  Id. ¶ 8.  The EEOC issued a "Right to

24   Sue" letter on May 4, 2011, which is attached to the Complaint.  Id. ¶ 9.

25        Plaintiff commenced this action on June 2, 2011 by filing a form Employment

26   Discrimination Complaint in this Court.  Id.  On June 29, 2011, Defendant moved to

27   dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that

28   Plaintiff has failed to: (1) plead his allegations with specificity; (2) state specific facts

1   establishing a *prima facie* case of retaliation under Title VII; (3) state specific facts

2   establishing a *prima facie* case of discrimination; and (4) timely file a complaint with the

3   EEOC.  In response, Plaintiff filed an Opposition, and Defendant has filed a Reply. The

4   matter has been fully briefed and is now ripe for adjudication.

5   **II.**    **LEGAL STANDARD**

6       A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

7   plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

8   a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

9   1990).  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a

10  claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570

11  (2007).  In evaluating the sufficiency of the pleadings, the court must be mindful to

12  liberally construe a pro se plaintiff's allegations.  <u>Balistreri</u>, 901 F.2d at 699.  Ultimately,

13  however, the allegations must provide the defendant with "fair notice of what the …claim

14  is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (internal quotations and

15  citations omitted).

16      When considering a motion to dismiss, the court is to "accept all factual allegations

17  in the complaint as true and construe the pleadings in the light most favorable to the non-

18  moving party." <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506 F.3d 895, 900 (9th

19  Cir. 2007).  However, this tenet is "inapplicable to legal conclusions," as "threadbare

20  recitals of the elements of a cause of action, supported by mere conclusory statements, do

21  not suffice." <u>Ashcroft v. Iqbal</u>, ---U.S.---, 129 S.Ct. 1937, 1949-1950 (2009).  Where legal

22  conclusions "provide the complaint's framework, they must be supported by factual

23  allegations." <u>Id</u>. at 1950.  Those facts must be sufficient to push the claims "across the line

24  from conceivable to plausible[.]" <u>Id</u>. at 1951 (quoting <u>Twombly</u>, 550 U.S. at 557).

25      In deciding a 12(b)(6) motion, the court generally "[considers] only allegations

26  contained in the pleadings, exhibits attached to the complaint, and matters properly subject

27  to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).  The plaintiff

28  cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss.

1    Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (finding

2    that "'new' allegations contained in the [plaintiff]'s opposition motion…are irrelevant for

3    Rule 12(b)(6) purposes."). However, if the complaint or a particular claim alleged in the

4    complaint is dismissed, the plaintiff should generally be given leave to amend, unless it is

5    clear that further amendment would be futile. Chaset v. Fleer/Skybox Int'l, L.P., 300 F.3d

6    1083, 1087-88 (9th Cir. 2002).

7    **III.    DISCUSSION**

8           **A.    DISCRIMINATION UNDER TITLE VII**

9                  **1.    Sufficiency of the Pleadings**

10          Title VII of the Civil Rights Act of 1964 provides that employers may not

11   "discriminate against any individual with respect to his compensation, terms, conditions, or

12   privileges of employment, because of such individual's race, color, religion, sex or national

13   origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove unlawful discrimination by

14   producing "direct or circumstantial evidence demonstrating that a discriminatory reason

15   more likely than not motivated the employer." Metoyer v. Chassman, 504 F.3d 919, 930

16   (9th Cir. 2007). If direct evidence of discrimination is not available, a plaintiff may rely

17   upon the burden-shifting framework to prove discrimination, as set forth in McDonnell

18   Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

19          Defendant contends that Plaintiff's discrimination claim is deficiently pled on the

20   grounds that he has failed to allege a *prima facie* case. The *prima facie* case under

21   McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement.

22   Swierkiewicz v. Sorema N.A., 534 U.S. 506, 509 (2002) (holding that "an employment

23   discrimination plaintiff need not plead a *prima facie* case of discrimination … to survive

24   respondent's motion to dismiss."). As such, the failure to allege facts sufficient to meet the

25   McDonnell Douglas test does not warrant dismissal of a complaint. Corbins v. United

26   Airlines, Inc., No. C 10-2312 SBA, 2011 WL 109078, at *2 (N.D. Cal. Jan. 12, 2011)

27   (denying motion to dismiss) (Armstrong, J.)

28

Although Plaintiff need not allege a *prima facie* case of discrimination under McDonnell Douglas, his allegations are too conclusory to comport with the requirements of Rule 8(a). Setting aside Plaintiff's failure to specify his race or color, he fails to allege any *facts* demonstrating, or from which an inference may be drawn, that he was terminated *because of* his race. At a minimum, Plaintiff must allege factual information concerning the circumstances of his termination, and the reasons he believes his termination was racially-motivated, including the identity of the persons who engaged in the discriminatory conduct and those responsible for his termination. In its present form, Plaintiff's Complaint presents little more than mere conclusory statements and "threadbare recitals of the elements of a cause of action," which warrant dismissal under Rule 12(b)(6). See Iqbal, 129 S.Ct. at 1949.

### 2.    New Facts Alleged in Plaintiff's Opposition

In his opposition, Plaintiff provides more factual detail in support of his discrimination claim. Plaintiff indicates that he is an African-American psychology instructor at DVC, and that on January 7, 2009, he complained to the school's President about being required to "share a teaching position with another instructor." Pl.'s Opp'n at 3, Dkt. 11. Plaintiff further indicates that he filed a complaint with the EEOC on September 27, 2010. Id. In addition, Plaintiff alleges additional information regarding the incident involving Mr. Moore. He states:

> On March-2nd-2010, I was asked to write a letter for Mr. Robert Moore, stating what I saw on the morning of October 2009, Tuesday the 20th of at [sic] approximately 8:25. I saw George Delfabro Manager of food service department. Mr. Delfabro, Robert Moore Manager, was standing outside the instructor Lounge staring through the window watching Mr. Robert Moore, while he prepared a sandwich for an instructor. Since a young African American Diablo Valley College student was hanged at the concord [sic] Bart [sic] station some years ago. Maybe that was business as usual. I also have questions for the state accreditation department about discrimination on DVC's campus.

Pl.'s Opp'n at 3-4.

Plaintiff's new allegations are insufficient to avoid dismissal of the Complaint. When considering a motion to dismiss, "the inquiry is limited to the allegations in the complaint[.]" Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Facts alleged in an opposition to a motion to dismiss are not considered when determining the sufficiency of the pleadings. See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("'new' allegations contained in the [plaintiff]'s opposition motion, however, are irrelevant for Rule 12(b)(6) purposes."). That aside, Plaintiff's newly-alleged facts are insufficient to establish that Plaintiff was subject to an adverse employment action on account of his race. To the extent that Plaintiff is claiming that being required to share a position with another instructor was discriminatory, he must allege facts to support that contention. With regard to Plaintiff's allegations pertaining to Mr. Moore, the import of such facts is still unclear. If Plaintiff is attempting to allege that he was terminated or subjected to an adverse employment action in retaliation for writing a letter on Mr. Moore's behalf, he should explicitly allege as such. In addition, Plaintiff must allege facts demonstrating a nexus between his letter and the allegedly retaliatory action. To permit Plaintiff the opportunity to cure deficiencies in his pleadings, the Court grants Plaintiff leave to amend.

**B.    RETALIATION UNDER TITLE VII**

To plead a retaliation claim, plaintiff must establish: (1) that he was engaged in protected activity; (2) that defendant took an adverse employment action; and (3) a causal connection existed between plaintiff's protected activity and defendant's adverse employment action. Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006). An employee's formal or informal complaints to a supervisor regarding unlawful discrimination constitute "protected activity," and adverse actions taken against the employee after such complaints may constitute retaliation. See Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 506 (9th Cir. 2000).

Like his discrimination claim, Plaintiff's retaliation claim is deficiently pled. First, the Complaint summarily states that the Plaintiff was "retaliated against for engaging in a

1    protected activity," without describing the protected activity at issue.  Compl. ¶ 6.  Second,

2    Plaintiff's vague account of the events leading to his termination fails to demonstrate any

3    connection between the protected activity and the adverse employment action, i.e., his

4    termination.  Given the insufficient and conclusory nature of the allegations supporting

5    Plaintiff's retaliation claim, the Court dismisses this claim with leave to amend.

6          C.    STATUTE OF LIMITATIONS

7          Finally, Defendant argues Plaintiff's Title VII claims are time-barred.  Aggrieved

8    individuals who wish to file suit are ordinarily required to exhaust their administrative

9    remedies.  See Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990).  A claimant exhausts

10   his or her administrative remedies by, inter alia, filing a charge of discrimination with the

11   EEOC within the limitation period contained in 42 U.S.C. § 2000e-5(e).  The statute

12   requires a plaintiff to file a discrimination charge with the EEOC within 180 days of the

13   date of the unlawful employment practice.  Id.  The limitations period is extended to 300

14   days if a plaintiff "has initially instituted proceedings with a State or local agency." 42

15   U.S.C. § 2000e-5(e) (1).

16         Here, Plaintiff claims that "[t]he alleged discrimination occurred on or about

17   3/25/10."  Compl. ¶ 6.  Thus, Plaintiff had until September 21, 2010, which is 180 days

18   from March 25, 2010, to file an administrative charge with the EEOC. 42 U.S.C. § 2000e-

19   5(e)(1).  However, the Complaint alleges that Plaintiff did not file his charge with the

20   EEOC until March 25, 2011, which is more than 180 days after the alleged discrimination

21   occurred.  Id. ¶ 8.  As such, his Title VII claims are time-barred on the face of the

22   Complaint.[2]  Plaintiff does not offer any explanation for his delay in filing an EEOC

23   charge, nor does he address Defendant's argument that his claims are time-barred.  Thus,

24   Plaintiff cannot pursue his Title VII claims absent a showing that he is entitled to the shelter

25

26         [2] In his opposition brief, Plaintiff claims that he filed his EEOC charge on September
     27, 2010, which is within 180 days of March 25, 2010.  Pl.'s Opp'n at 3.  It is not clear
27   whether the allegation in Plaintiff's Complaint that he filed his EEOC charge on March 25,
     2011, is a typographical error or whether Plaintiff is referring to a separate charge.  Plaintiff
28   should clarify this discrepancy in his amended complaint.

of equitable tolling or equitable estoppel. <u>Johnson v. Lucent Techs. Inc.</u>, -- F.3d --, 2011 WL 3332368, at *7 (9th Cir. Aug. 4, 2011) ("Filing a timely charge of discrimination with the EEOC is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

There are two separate but related equitable doctrines that may toll a limitations period: (1) equitable tolling and (2) equitable estoppel. <u>Lukovsky v. City and County of San Francisco</u>, 535 F.3d 1044, 1051 (9th Cir. 2008). "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'" <u>Id.</u> (quoting <u>Johnson v. Henderson</u>, 314 F.3d 409, 414 (9th Cir. 2002)). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" <u>Id.</u> Stated another way, "[e]quitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit, whereas equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." <u>Santa Maria v. Pacific Bell</u>, 202 F.3d 1170, 1175 (9th Cir. 2000).

As noted, Plaintiff's opposition does not address Defendant's contention that his claims are time-barred, nor does it present any facts to support the application of equitable tolling or estoppel. Nonetheless, in view of Plaintiff's *pro se* status, and the Court's obligation to construe his pleadings liberally, the Court will afford Plaintiff an opportunity to amend his pleadings to allege facts in support of either or both tolling doctrines. Alternatively, to the extent that Plaintiff provided the incorrect dates regarding when the alleged discrimination occurred and when he filed his EEOC charge, Plaintiff should provide the correct dates in his amended complaint.

**IV.    <u>CONCLUSION</u>**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.    Defendant's Motion to Dismiss is GRANTED.

2.    Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a First Amended Complaint, consistent with the Court's rulings.  Plaintiff is advised that any additional factual allegations set forth in his First Amended Complaint must be made in good faith and consistent with Rule 11.  Failure to file a First Amended Complaint by that deadline will result in the dismissal of the action, with prejudice.

3.    The motion hearing scheduled for September 13, 2011, is VACATED.

4.    This Order terminates Docket 9.

IT IS SO ORDERED.

Dated: September 12, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

1

2

3

4   UNITED STATES DISTRICT COURT
    FOR THE
5   NORTHERN DISTRICT OF CALIFORNIA

6

7   DR. SAMUEL THARPE,

                Plaintiff,
8
        v.
9
    DIABLO VALLEY COLLEGE et al,
10
                Defendant.
11   _____/

12
                                    Case Number: CV11-02624 SBA
13
                                    **CERTIFICATE OF SERVICE**
14

15   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.
16
     That on September 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing
17   said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
     depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
18   receptacle located in the Clerk's office.

19
     Samuel  Tharpe
20   772 Lindsay Ave.
     Rohnert Park,  CA 94928
21
     Dated: September 13, 2011
22
                                    Richard W. Wieking, Clerk
23                                   By: LISA R CLARK, Deputy Clerk

24

25

26

27

28