UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. SAMUEL THARPE,<br><br>    Plaintiff,<br><br>  vs.<br><br>DIABLO VALLEY COLLEGE (CONTRA COSTA),<br><br>    Defendant. | Case No: C 11-02624 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND GRANTING ALTERNATIVE MOTION TO DISMISS**<br><br>Docket 25 |

Plaintiff Dr. Samuel Tharpe, an African-American male, filed the instant pro se employment discrimination and retaliation action against his former employer, Contra Costa Community College District ("Defendant"), erroneously sued as Diablo Valley College ("DVC"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The parties are presently before the Court on Defendant's Motion to Strike Plaintiff's First Amended Complaint, or in the Alternative, to Dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(f) and 12(b)(6), respectively. Docket 25. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the motion to strike and GRANTS the motion to dismiss for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L. R. 7-1(b).

## I. BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint which are taken as true for purposes of the instant motion. In or about 2009, Plaintiff was employed by DVC as an instructor in its Psychology Department. Am Compl. at 3, Dkt. 23. On or about October 29, 2009, Plaintiff observed his friend and colleague Robert Moore, also an African-American male, being mistreated by his supervisor, George Defalbro. Id. at 2. In response, Plaintiff wrote a letter to DVC President Judy Waters to report what he observed Mr. Defalbro "doing to him." Id. at 2. Plaintiff does not disclose the nature of Mr. Delfalbro's interaction with Mr. Moore or the contents of his letter to Ms. Waters. In retaliation for submitting this letter, Plaintiff allegedly was terminated on March 25, 2010. Id. at 2-3. Plaintiff further alleges that his termination was discriminatory because he was performing his job "in [a] more than satisfactory fashion" and that he had "[a]n above average evolution [sic], good recommendations" from his students. Id. at 3.

Plaintiff commenced this action on June 2, 2011 by filing a form Employment Discrimination Complaint in this Court. Dkt. 1. On June 29, 2011, Defendant moved to dismiss the action pursuant to Rule 12(b)(6). The Court liberally construed Plaintiff's Complaint as alleging claims for discrimination and retaliation under Title VII, and ruled that he had failed to allege sufficient facts to state a claim. In addition, the Court found that, based on the dates alleged in the pleadings, including the date of his administrative charge with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff's Title VII claims were time-barred. The Court granted Plaintiff leave to amend to provide the requisite facts to establish that he was subjected to unlawful discrimination and retaliation, and to allege facts demonstrating that the statute of limitations is subject to equitable estoppel or tolling. See Order Granting Defendant's Motion to Dismiss with Leave to Amend, Dkt. 20. In addition, the Court granted Plaintiff leave to name Contra Costa Community College District are a party-defendant in place of DVC.

On October 6, 2011, Plaintiff filed an Amended Complaint, again improperly naming DVC as the sole defendant. As before, Plaintiff alleges that was subjected to

discrimination on account of his race and that he was terminated in retaliation for having written a letter on Mr. Moore's behalf. Unlike the prior Complaint, however, Plaintiff has now omitted any references to his EEOC charge. Defendant now moves to strike the Amended Complaint under Rule 12(f), or alternatively, for dismissal of the action under Rule 12(b)(6). The motion has been fully briefed and is ripe for adjudication.

## II. DISCUSSION

### A. MOTION TO STRIKE

Defendant first moves to dismiss the action under Rule 12(f) on the ground that Plaintiff failed to file his amended complaint within the time-frame prescribed by the Court in its Order of September 13, 2011. Def.'s Mot. at 4. Under Rule 12(f), a court has the discretion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (internal quotations and citation omitted).

Defendant's reliance on Rule 12(f) is misplaced. Where a defendant seeks to dismiss an action based on the plaintiff's failure to comply with a Court order, such motion should be brought under Rule 41(b), not Rule 12(f). See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291

F.3d 639, 642 (9th Cir. 2002). Defendant's motion fails to address any of these factors, and the Court declines to do so sua sponte. See Indep. Towers of Wash. v. Wash., 350 F.3d at 929 ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. . . . [W]e have held firm against considering arguments that are not briefed."). Accordingly, the Court denies Defendant's motion to strike under Rule 12(f).

### B. MOTION TO DISMISS

#### 1. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of the pleadings, the court must be mindful to liberally construe a pro se plaintiff's allegations. Balistreri, 901 F.2d at 699. Ultimately, however, the allegations must provide the defendant with "fair notice of what the …claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotations and citations omitted).

When considering a motion to dismiss, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). However, this tenet is "inapplicable to legal conclusions," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ---U.S.---, 129 S.Ct. 1937, 1949-1950 (2009). While legal conclusions "provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557). If the complaint or a particular claim alleged in the complaint is dismissed, the plaintiff should

generally be given leave to amend, unless it is clear that further amendment would be futile. Chaset v. Fleer/Skybox Int'l, L.P., 300 F.3d 1083, 1087-88 (9th Cir. 2002).

### 2. Sufficiency of Claims

#### a) Discrimination

Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim for race discrimination under Title VII, Plaintiff must allege facts sufficient to demonstrate that his race was the "motivating factor" in Defendant's decision to terminate his employment. See Staub v. Proctor Hosp., 131 S.Ct. 1186, 1191 (2011).

In its prior ruling on Defendant's motion to dismiss, the Court clearly explained to Plaintiff the reasons why his discrimination claim was deficient. The Court's Order stated:

> At a minimum, Plaintiff must allege factual information concerning the circumstances of his termination, and the reasons he believes his termination was racially-motivated, including the identity of the persons who engaged in the discriminatory conduct and those responsible for his termination. In its present form, Plaintiff's Complaint presents little more than mere conclusory statements and "threadbare recitals of the elements of a cause of action," which warrant dismissal under Rule 12(b)(6). See Iqbal, 129 S.Ct. at 1949.

9/13/11 Order at 6. In his Amended Complaint, Plaintiff again fails to allege any *facts* demonstrating that his race was the motivating factor in Defendant's decision to terminate him. The mere fact that Plaintiff may have been performing his job duties in a satisfactory manner does not, by itself, support the inference that he was terminated *because of* his race.

Given Plaintiff's failure to correct the deficiencies of his original Complaint, the Court would be well within its discretion to dismiss Plaintiff's discrimination claim, without further leave to amend. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (noting that court's discretion id denying leave to amend is "especially broad" where the court has previously granted leave to amend the pleadings). Nonetheless, the Court, in its discretion, will afford Plaintiff a final opportunity to amend the pleadings to state a "plausible" claim for discrimination under Title VII. See Iqbal, 129 S.Ct. at 1949.

### *b) Retaliation*

To plead a retaliation claim, plaintiff must establish: (1) that he was engaged in protected activity; (2) that defendant took an adverse employment action; and (3) a causal connection existed between plaintiff's protected activity and defendant's adverse employment action. Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006). An employee's formal or informal complaints to a supervisor regarding unlawful discrimination constitute "protected activity," and adverse actions taken against the employee after such complaints may constitute actionable retaliation. See Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 506 (9th Cir. 2000).

In its prior Order, the Court dismissed Plaintiff's retaliation claim based on his failure to allege facts demonstrating (1) that he was engaged in protected activity, and (2) a causal nexus between the protected activity and the adverse employment action, i.e., his termination. 9/13/11 Order at 6-7. Plaintiff's Amended Complaint fails to address these deficiencies. Though Plaintiff alleges that he was retaliated against for writing a letter to DVC's President Judy Waters on behalf of his colleague Robert Moore, he fails to allege sufficient facts regard the content of that letter or facts showing that he was, in fact, complaining about conduct proscribed by Title VII. Merely complaining about "unfair personnel treatment" is insufficient to state a Title VII retaliation claim. E.g., Lewis v. City of Fresno, -- F. Supp. 2d --, 2011 WL 2923972, at *10 (E.D. Cal. July 18, 2011). Rather, Plaintiff must allege facts establishing that, in his letter, he was complaining about a practice prohibited by Title VII. See 42 U.S.C. § 2000e-3(a). As with Plaintiff's discrimination claim, the Court will again afford Plaintiff the opportunity to cure the aforementioned deficiencies to state a plausible claim for retaliation.

### 3. Statute of Limitations

An administrative charge under Title VII must be filed with the EEOC within 180 days after the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). However, where an aggrieved person has initially instituted proceedings with a state or local agency with authority to grant relief for such action, the charge must be

1 brought within 300 days of the occurrence or within 30 days after receiving notification that
2 the state or local agency has terminated its proceedings, whichever occurs earlier. Id.
3 "A claim is time barred if it is not filed within [this] limit." Nat'l R.R. Passenger Corp. v.
4 Morgan, 536 U.S. 101, 109 (2002). For discrimination and retaliation claims, the time for
5 filing a charge of discrimination with the EEOC begins when the discriminatory or
6 retaliatory act occurs. Id. at 113.

7 In his original Complaint, Plaintiff alleged that the discriminatory and retaliatory
8 conduct occurred on May 25, 2010. Compl. ¶ 7. Thus, he had until September 21, 2010 to
9 file an administrative charge with the EEOC, and until January 19, 2011 to file a lawsuit.
10 However, Plaintiff did not file his EEOC charge until March 25, 2011, and did not
11 commence this action until June 2, 2011. As such, the Court found that Plaintiff's
12 discrimination and retaliations claims are time-barred. Although Plaintiff had not sought
13 the shelter of equitable tolling or equitable estoppel, the Court sua sponte granted Plaintiff
14 leave to amend to allege facts to invoke these doctrines. Id. at 8.

15 In his Amended Complaint, Plaintiff has not alleged any facts supporting the
16 application of equitable tolling or equitable estoppel. Rather, Plaintiff merely has omitted
17 from his Amended Complaint any allegations regarding the filing of his EEOC charge.
18 Plaintiff, however, cannot avoid the statute of limitations bar so easily. Nonetheless, the
19 Court will afford Plaintiff another opportunity to allege facts sufficient to demonstrate that
20 his claims are timely. In particular, Plaintiff must allege *facts that explain why he should*
21 *be excused from his failure to file suit within 300 days of Defendant's allegedly*
22 *discriminatory and retaliatory conduct.*

23 **III. CONCLUSION**
24 For the reasons set forth above,
25 IT IS HEREBY ORDERED THAT:
26 1. Defendant's motion to strike under Rule 12(f) is DENIED.
27 2. Defendant's alternative motion to dismiss under Rule 12(b)(6) is GRANTED.
28

- 7 -

3. Plaintiff shall have until March 15, 2012 to file a Second Amended Complaint, consistent with the Court's rulings. Plaintiff shall name "Contra Costa Community College District" as the party-defendant. Plaintiff is advised that any additional factual allegations set forth in his Second Amended Complaint must be made in good faith and consistent with Rule 11. Failure to file a Second Amended Complaint by that deadline will result in the dismissal of the action, with prejudice.

4. The motion hearing and Case Management Conference scheduled for February 28, 2011, is VACATED.

5. The parties shall appear for a telephonic Case Management Conference April 5, 2012 at 2:30 p.m. Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. *Defendant* shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date. *Defendant's* counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559. NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

6. This Order terminates Docket 25.

IT IS SO ORDERED.

Dated: February 24, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1 | UNITED STATES DISTRICT COURT
2 | FOR THE
  | NORTHERN DISTRICT OF CALIFORNIA

4 | DR. SAMUEL THARPE,

5 |        Plaintiff,

6 |   v.

7 | DIABLO VALLEY COLLEGE et al,

8 |        Defendant.
9 | _____/

Case Number: CV11-02624 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Samuel Tharpe
772 Lindsay Ave.
Rohnert Park, CA 94928

Dated: February 27, 2012

                    Richard W. Wieking, Clerk
                    By: Lisa Clark, Deputy Clerk