UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. SAMUEL THARPE,<br><br>            Plaintiff,<br><br>    vs.<br><br>DIABLO VALLEY COLLEGE (CONTRA COSTA),<br><br>            Defendant. | Case No: C 11-02624 SBA<br><br>**ORDER DISMISSING ACTION** |

On April 2, 2012, Defendant filed a motion to dismiss the second amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 38. Under Civil Local Rule 7-3(a), an opposition to a motion must be filed within fourteen days of the date the motion was filed, and the reply is due seven days thereafter. As such, Plaintiff's response to the motion should have been filed by no later than April 16, 2011. Plaintiff did not file any response to the motion. Thus, on May 18, 2012, the Court sua sponte granted Plaintiff an extension of time until May 28, 2012 to file his response to Defendant's motion to dismiss. Dkt. 41. The Court warned Plaintiff that in the event he failed to timely respond to Defendant's motion, the Court would dismiss the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Id. To date, Plaintiff has filed nothing in response to Defendant's motion to dismiss or the Court's May 18, 2012 Order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh

the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to Defendant's motion and failing to comply with the requirements of the Court's scheduling orders.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for his failure to respond nor is any apparent from the record. Indeed, Plaintiff has had almost two months to prepare his opposition. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the unopposed motion. In addition, the Court sua sponte afforded Plaintiff a

second opportunity to file an opposition (or statement of non-opposition), and again warned him that the failure to respond would result in the dismissal of the action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing the action in its entirety.  Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk shall close the file and terminate all pending matters and deadlines.

IT IS SO ORDERED.

Dated:  June 5, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DR. SAMUEL THARPE,

       Plaintiff,

 v.

DIABLO VALLEY COLLEGE et al,

       Defendant.
_____/

Case Number: CV11-02624 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Samuel Tharpe
772 Lindsay Ave.
Rohnert Park, CA 94928

Dated: June 5, 2012
                                       Richard W. Wieking, Clerk

                                              By: Lisa Clark, Deputy Clerk