UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. SAMUEL THARPE, | Case No: C 11-02624 SBA |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| vs. | |
| DIABLO VALLEY COLLEGE (CONTRA COSTA), | Dkt. 43 |
| Defendant. | |

Plaintiff Dr. Samuel Tharpe filed the instant pro se employment discrimination and retaliation action against his former employer, Contra Costa Community College District ("Defendant"), erroneously sued as Diablo Valley College ("DVC"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). On June 5, 2012, the Court dismissed the action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

The parties are presently before the Court on Plaintiff's pro se "Motion to be reinstated [sic] Rule 6 and Rule 60 of the Federal Rules of Civil Procedure," which the Court liberally construes as a motion for reconsideration. Dkt. 43. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On June 2, 2011, Plaintiff commenced this action by filing a form Employment Discrimination Complaint in this Court against DVC, where he apparently worked as a professor or instructor. Dkt. 1. On June 29, 2011, Defendant moved to dismiss the action pursuant to Rule 12(b)(6). The Court liberally construed Plaintiff's Complaint as alleging claims for discrimination and retaliation under Title VII, and ruled that he had failed to allege sufficient facts to state a claim. In addition, the Court found that, based on the dates alleged in the pleadings, including the date of his administrative charge with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff's Title VII claims were time-barred. The Court granted Plaintiff leave to amend to provide the requisite facts to establish that he was subjected to unlawful discrimination and retaliation, and to allege facts demonstrating that the statute of limitations is subject to equitable estoppel or tolling. See Order Granting Def.'s Mot. to Dismiss with Leave to Amend, Dkt. 20. In addition, the Court granted Plaintiff leave to name "Contra Costa Community College District" as a party-defendant in place of DVC.

On October 6, 2011, Plaintiff filed an Amended Complaint, again improperly naming DVC as the sole defendant. Similar to his original pleading, Plaintiff alleged that he was subjected to discrimination on account of his race and that he was terminated in retaliation for having written a letter on a colleague's behalf. On October 19, 2011, Defendant filed a Motion to Strike Plaintiff's First Amended Complaint, or in the Alternative, to Dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(f) and 12(b)(6), respectively. Dkt. 25. On February 27, 2012, the Court issued an Order denying Defendant's motion to strike, but granting the alternative motion to dismiss. See Order Denying Def.'s Mot. to Strike and Granting Alternative Mot. to Dismiss, Dkt. 35. In its ruling, the Court found that Plaintiff had failed to address the deficiencies that led to the original dismissal of his discrimination and retaliations claims. Nonetheless, the Court granted Plaintiff another opportunity to amend his pleadings. In addition, the Court specifically directed Plaintiff to allege facts to explain why he should be

excused from his failure to file suit within 300 days of Defendant's allegedly discriminatory and retaliatory conduct.  The Court granted Plaintiff until March 15, 2012, to file a Second Amended Complaint.  The Court warned Plaintiff that the failure to file a Second Amended Complaint by the stated deadline would constitute grounds for dismissing the action, with prejudice.

Plaintiff filed his Second Amended Complaint on March 27, 2012, almost two weeks after it was due.  Dkt. 36.  On April 2, 2012, Defendant filed a Motion to Dismiss the Second Amended Complaint.  Dkt. 38.  Under Civil Local Rule 7-3(a), an opposition to a motion should have been filed within fourteen days of the date the motion was filed, with the reply due seven days thereafter.  As such, Plaintiff's response to the motion should have been filed by no later than April 16, 2012.  The Court's Standing Orders warn that the failure to oppose a motion may be construed as consent by the non-movant to the relief requested in the motion.  Nonetheless, Plaintiff did not file a response to the motion.  Although the Court could have dismissed the action based on Plaintiff's failure to oppose Defendant's motion to dismiss, the Court, in consideration of less drastic alternatives, did not do so.  Instead, on May 18, 2011, the Court sua sponte granted Plaintiff until May 28, 2012, to respond to Defendant's motion, and continued the motion hearing date from June 5, 2012, to July 3, 2012.  See Order Directing Plaintiff to File Response to Defendant's Motion to Dismiss, Dkt. 41.  The Order included the following warning:  "PLAINTIFF IS WARNED THAT THE FAILURE TO FILE A RESPONSE BY THIS DEADLINE AND/OR TO COMPLY WITH THIS ORDER OR ANY OTHER APPLICABLE PROCEDURAL RULES WILL RESULT IN THE GRANTING OF THE PENDING MOTION AND THE DISMISSAL OF THIS ACTION."  Id. at 2.

Notwithstanding the Court's warning that the failure to respond to Defendant's motion by the specified deadline would result in the dismissal of the action, Plaintiff filed nothing in response to the Court's May 18 Order.  Thus, on June 5, 2012, the Court dismissed the case without prejudice under Rule 41(b).  See Order Dismissing Action, Dkt. 42.  In its Order, the Court balanced the relevant factors germane to a Rule 41(b) analysis

and concluded, in its discretion, that dismissal of the action without prejudice for failure to prosecute was warranted.[1]

On August 7, 2012, Plaintiff filed the instant motion to "reinstate" the action, which the Court liberally construes as a motion for reconsideration of the Court's Order of June 5, 2012, dismissing the action. Defendant has filed an opposition to the motion. Dkt. 44. No reply has been filed.

## II. LEGAL STANDARD

A district court has the discretion to reconsider a prior order. Sch. Dist. No. 1J v. ACandS, Inc., Multnomah Cnty., Or., 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b); Fuller, 950 F.2d at 1442. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).[2]

## III. DISCUSSION

Plaintiff contends that reconsideration of the Court's dismissal order is warranted on the grounds of mistake. In particular, Plaintiff states that he misread an unspecified Court

---

[1] The Court could have dismissed Plaintiff's action with prejudice. However, the Court, in consideration of less drastic alternatives, dismissed it without prejudice. Plaintiff should be aware that a dismissal without prejudice means that Plaintiff is not precluded from filing a new action against Defendant.

[2] Motions to reconsider a decision of the court also may be brought under Rule 59(e) based on newly discovered evidence, clear error, or an intervening change in the controlling law. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Plaintiff does not cite Rule 59(e) nor are grounds for reconsideration thereunder alleged in this case. Also, Plaintiff's citation to Rule 6 is inapposite, as such rule pertains to the calculation of time periods in federal cases, not reconsideration of a prior court ruling.

Order which he alleges instructed him not to contact the Court.[3]  As a result, Plaintiff claims he sent a copy of his Second Amended Complaint to defense counsel, but erred in not sending a copy to the Court by March 12, 2012.  He further alleges that as a pro se litigant, he is entitled to make "some mistakes" and that he, in fact, sent his Second Amended Complaint to defense counsel by the March 12th deadline.

Plaintiff's contentions are without merit.  As an initial matter, pro se litigants are obligated to follow the same rules as represented parties.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (same).  Self-representation is not an excuse for non-compliance with Court rules.  See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.").  Therefore, Plaintiff's pro se status does not excuse his failure to comply with the applicable procedural rules and the Orders of this Court.

The above notwithstanding, Plaintiff has not presented any compelling, substantive grounds for relief.  The only mistake identified by Plaintiff pertains to his failure to timely file his Second Amended Complaint.  However, the Court did not dismiss the action based on his tardy filing of his amended pleading.  Rather, the Court dismissed the action based on his failure to file a response to Defendant's motion to dismiss the Second Amended Complaint—notwithstanding having been afforded two opportunities to do so.  Notably, Plaintiff offers no explanation for his failure to timely respond to Defendant's motion to dismiss by the original due date of April 16, 2012, or the extended deadline of May 28, 2012.

---

[3] Plaintiff presumably is referring to the Court's February 27, 2012 Order granting him leave to file a Second Amended Complaint.  Dkt. 35.  On the final page of the Order, the Court scheduled a telephonic Case Management Conference, and provided the call-in number for the conference.  To prevent ex parte communication with the Court, the Order instructs that "NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT."  Id. at 9.  Nothing in the Order restricts the parties' ability to file documents with the Court.

Finally, Plaintiff complains that "the court date changed" numerous times and that he "got confused on which date [he] was supposed to be there." Mot. at 2. However, the Court, in fact, continued the original hearing date on Defendant's motion to dismiss the Second Amended Complaint <u>once</u> to July 3, 2012, in order to allow Plaintiff additional time to respond to Defendant's motion, given his prior failure to file a response as required by the Local Rules. Dkt. 41. More importantly, the fact that the hearing date changed has no bearing on Plaintiff's failure to file any response to the motion. Moreover, the Court's instructions and warning to Plaintiff could not have been clearer. The Court's May 18, 2012 Order stated:

> 1. <u>Plaintiff shall have until May 28, 2012 to file and serve his response</u> (i.e., either an opposition or a statement of non-opposition) to Defendant's Rule 12(b)(6) motion to dismiss. Plaintiff's response shall comply in all respects with the Federal Rules of Civil Procedure and the Court's Civil Local Rules including, without limitation, Civil Local Rules 7-3 through 7-5. PLAINTIFF IS WARNED THAT THE FAILURE TO FILE A RESPONSE BY THIS DEADLINE AND/OR TO COMPLY WITH THIS ORDER OR ANY OTHER APPLICABLE PROCEDURAL RULES WILL RESULT IN THE GRANTING OF THE PENDING MOTION AND THE DISMISSAL OF THIS ACTION.
>
> . . . .
>
> 3. The hearing on Defendant's motion and Case Management Conference are CONTINUED from June 5, 2012 to **July 3, 2012 at 1:00 p.m**. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court, in its discretion, may resolve the motion without oral argument. The parties are advised to check the Court's website to determine whether a court appearance is required.

<u>Id.</u> at 3 (emphasis added). Thus, even if Plaintiff was confused as to the new hearing date, no reasonable person could have been confused as to when the response to Defendant's motion was due—or as to the consequences for failing to file a response.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Plaintiff's motion to reinstate action is DENIED. This Order terminates Docket 43.

IT IS SO ORDERED.

Dated: September 21, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DR. SAMUEL THARPE,

      Plaintiff,

 v.

DIABLO VALLEY COLLEGE et al,

      Defendant.
_____/

Case Number: CV11-02624 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Samuel Tharpe
772 Lindsay Ave.
Rohnert Park, CA 94928

Dated: September 24, 2012

                                  Richard W. Wieking, Clerk
                                  By: Lisa Clark, Deputy Clerk